

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 16041850
Date Processed: 12/28/2016

| | |
|---|---|
| Primary Contact: | Tonya Edwards<br>Capital One Services<br>15000 Capital One Drive<br>Richmond, VA 23238 |
| Entity: | Capital One Bank (USA), N.A.<br>Entity ID Number 1634828 |
| Entity Served: | Capital One Bank (USA), N.A |
| Title of Action: | Robert Terwilliger vs. Capital One Bank (USA), N.A. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Hillsborough County Court, Florida |
| Case/Reference No: | 16-CC-041369 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 12/27/2016 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Ryan C. Torrens<br>813-260-4883 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 16-CC-041369 Division M

**ROBERT TERWILLIGER**
      Plaintiff
vs

**CAPITAL ONE BANK (USA), N.A**
      Defendant

## SUMMONS

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on the Defendant(s) *whose name and address is:*

**CAPITAL ONE BANK (USA), N.A**
**C/O CORPORATION SERVICE COMPANY**
**1100 E MAIN ST**
**SUITE 1600**
**RICHMOND VA 23218**

Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, *whose name and address is:*

Printed: **RYAN CHRISTOPHER TORRENS**
Attorney for :**ROBERT TERWILLIGER**
Address: **TORRENS LAW GROUP PA**
**100 S ASHLEY DR STE 450**
**TAMPA FL 33602**
Florida Bar No. **89407**

> **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

within 20 days after service of this summons on that defendant, exclusive of the day or service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on December 19, 2016.

                                          **PAT FRANK**
                                          As Clerk of the Court

                                          */s/ Dana Caranante*
                                          Dana Caranante, Deputy Clerk
                                          Prepared by Sylvia Young, Deputy Clerk
                                          (813) 276-8100, ext. 4362

**PAT FRANK**
As Clerk of the Court
Civil Division
P.O. Box 3360
Tampa, Florida 33601

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

ROBERT TERWILLIGER,

    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.
_____/

CASE NO.:
DIVISION:

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT TERWILLIGER ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CAPITAL ONE BANK (USA), N.A., ("Defendant"), and alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of Plaintiff's Complaint is based upon the Florida Consumer Collections Practices Act, §559.55, et seq. ("FCCPA").

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises under the TCPA, as the federal and state courts share concurrent jurisdiction over TCPA claims. Jurisdiction over the FCCPA claim arises under Chapter 559.55(2), Florida Statutes.

4. This is an action for damages of more than Five Thousand Dollars ($5,000.00) but less than Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

1

5. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

6. The alleged violations described in this Complaint occurred in Hillsborough County, Florida, where the Plaintiff resides.

## PARTIES

7. Plaintiff is a natural person who resides in Hillsborough County, Florida. Plaintiff is a debtor and/or alleged debtor as defined by Chapter 559.55(2), Florida Statutes.

8. Defendant Capital One Bank (USA), N.A. is a nationally chartered bank and wholly-owned subsidiary of Capital One Financial Corporation, with its principal place of business in Glen Allen, Virginia.

9. Defendant is the original creditor for the alleged debt, which is an alleged credit card debt. The TCPA and FCCPA apply to original creditors.

10. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida. Defendant is engaged in substantial and not isolated activity within the State of Florida. Defendant has purposely made contacts in the State of Florida, including with the Plaintiff, and should reasonably anticipate being haled into court in Florida.

## FACTUAL ALLEGATIONS

11. Defendant consented to and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors, and/or contractors.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. In or around June of 2016, Defendant began placing telephone calls to Plaintiff in an attempt to collect a consumer debt.

15. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

16. Upon information and belief, each of Defendant's calls were placed with an automated telephone dialing system ("auto-dialer") or an artificial or prerecorded voice. Plaintiff alleges that on June 11, 2016, a manager employed by Defendant stated, over the phone, that the Defendant had been calling the Plaintiff's cellular phone with an auto-dialer.

17. Defendant placed calls to Plaintiff's cellular telephone at 813-735-5775. Plaintiff is both the subscriber and account holder for the cellular phone service for this particular cellular phone.

18. Defendant placed calls from phone numbers including, but not limited to, 1-800-955-6600.

19. On June 11, 2016, Plaintiff spoke with Defendant's representative and requested that Defendant cease calling his cellular telephone.

20. Plaintiff revoked any consent, express or implied, to receive automated collection calls from Defendant.

21. Despite Plaintiff's request to cease, Defendant continued to knowingly and/or willfully place at least five (5) automated collection calls to Plaintiff. Alternatively, Plaintiff alleges that the Defendant continued to negligently place at least five (5) automated collection calls to Plaintiff, including but not limited to the following:

- June 11, 2016: one (1) call;
- June 25, 2016: one (1) call;
- June 26, 2016: one (1) call;
- June 27, 2016: one (1) call;

3

22. The phone calls made to Plaintiff's cellular phone after the Plaintiff requested the Defendant to cease such calls were annoying and harassing to the Plaintiff. The phone calls which were made wasted time of the Plaintiff in addressing the incoming calls. Further, the calls to the Plaintiff made the Plaintiff's cellular phone otherwise unavailable for legitimate use during the time of the unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-two (22) by reference as though fully set forth herein.

24. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

27. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

28. All court costs, witness fees and other fees incurred; and

29. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA")

30. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty-nine (29) by reference as though fully set forth herein.

31. Defendant violated FCCPA § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor.

**WHEREFORE**, Plaintiff demands judgment against Defendant for statutory damages in the amount of $1,000.00, attorney's fees and costs, and any other such relief this Honorable Court deems just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT TERWILLIGER hereby demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

**TORRENS LAW GROUP, P.A.**
100 S. Ashley Drive
Suite 450
Tampa, FL 33602
Tel: 813-260-4883
Fax: 813-354-2357

By: */s/Ryan C. Torrens, Esq.*
Ryan C. Torrens, Esq.
Florida Bar No. 0089407
*Counsel for Plaintiff*